**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BERNARD THORNTON, LEJUAN WILEY, and TYRONE CAMERON, on behalf of themselves and all others similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) Cause No. |
| | ) |
| vs. | ) ) |
| MAINLINE COMMUNICATIONS, LLC, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Serve: Rodger Miller, Registered Agent 3158 S. Brentwood Blvd. Webster Groves, Missouri 63119 | ) ) ) ) |
| and | ) ) |
| RODGER D. MILLER, | ) ) |
| Serve: 3158 S. Brentwood Blvd. Webster Groves, Missouri 63119 | ) ) ) |
| and | ) ) |
| FRANSHA R. MILLER, | ) ) |
| Serve: 3158 S. Brentwood Blvd. Webster Groves, Missouri 63119 | ) ) ) |
| Defendants. | ) |

## COMPLAINT

**COME NOW** Plaintiffs, Bernard Thornton, LeJuan Wiley and Tyrone Cameron (collectively as "Plaintiffs"), on behalf of themselves and all others similarly situated, and for their Complaint against Defendants, Mainline Communications, Rodger D. Miller and Fransha R. Miller (collectively as "Defendants"), state and allege as follows:

1

## PRELIMINARY STATEMENT

1.      This is a collective and class action filed by Plaintiffs on behalf of themselves and all others similarly situated pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, liquidated damages, attorney fees, and other relief from Defendants for violations of the Fair Labor Standards Act ("FLSA"), the Missouri Minimum Wage Law, Section 290.500 RSMo., et seq. (hereinafter "MMWL"), and Missouri common law.

2.      As used herein, "Plaintiffs and other similarly situated employees"—or the equivalent—shall include Plaintiffs and other similarly situated employees of Defendants, including members of the Class (defined below).

## PARTIES

3.      Plaintiff, Bernard Thornton ("Thornton"), is, and at all times relevant hereto was, an adult citizen and resident of the State of Missouri, wherein he resides in St. Louis County, at 1429 Crossett, St. Louis, Missouri 63138.

4.      Plaintiff, LeJuan Wiley ("Wiley"), is, and at all times relevant hereto was, an adult citizen and resident of the State of Missouri, wherein he resides in the City of St. Louis, at 3912 Vest, St. Louis, Missouri 63107.

5.      Plaintiff, Tyrone Cameron ("Cameron"), is, and at all times relevant hereto was, an adult citizen and resident of the State of Illinois, wherein he resides in St. Clair County, at 1235 McCausland, 3C, E. St. Louis, Illinois 62201.

6.      Defendant, Mainline Communications, LLC ("Mainline"), is a limited liability company organized under the laws of the State of Missouri, with its registered office located in Webster Groves, Missouri.  Mainline is a privately owned and operated cable installation company that performs installation of phone, internet and cable services for cable companies

2

throughout the St. Louis area, including Charter Communications, Inc., for its residential and commercial customers.

7.      Defendant, Rodger D. Miller ("Rodger"), was and/or is the "employer" of Plaintiffs and all similarly situated individuals within the FLSA's and MMWL's broad definition of the term "employer," as he is an officer or member of Mainline who manages and directs the business, maintains operational control of Mainline's day-to-day functions, maintains control over Mainline's pay practices, and/or has authority to hire and fire employees.  29 U.S.C. §203(d); RSMo. §290.500(4).

8.      Defendant, Fransha R. Miller ("Fransha"), was and/or is the "employer" of Plaintiffs and all similarly situated individuals within the FLSA's and MMWL's broad definition of the term "employer," as she is an officer or member of Mainline who manages and directs the business, maintains operational control of Mainline's day-to-day functions, maintains control over Mainline's pay practices, and/or has authority to hire and fire employees.  29 U.S.C. §203(d); RSMo. §290.500(4).

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331.  The Court has subject matter jurisdiction over Plaintiffs' Missouri state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and 1367, as well as RSMo. § 290.527.

10.     This Court has personal jurisdiction over Defendants because they conduct substantial business activities in the State of Missouri and the conduct giving rise to Plaintiffs' claims occurred in the State of Missouri.

11.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because at least one of the Defendants resides in this judicial district and the Defendants all reside in the

State of Missouri.  Moreover, a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

12.     Defendants' integral and primary service provided to customers is cable, internet and telephone installation services.  Defendants hire technicians, such as Plaintiffs and those similarly situated, to perform their primary and integral service of installation and repair of cable, internet and telephone for customers of Defendants.

13.     Plaintiffs and other similarly situated employees of Defendants are technicians currently or formerly employed by Defendants who repaired and installed cable, internet and apropriate boxes for Mainline, which commonly performs installation work for cable companies throughout the St. Louis area.  The work of Plaintiffs along with those similarly situated as technicians included installation and repair of cable, internet and telephone boxes.

14.     Plaintiffs' positions, along with those similarly situated employees' positions with Mainline were wrongfully and unlawfully classified as independent contractor positions.

15.     While they were employed by Defendants, Plaintiffs along with those similarly situated employees worked exclusively for Defendants and were not allowed to perform cable installation services for any other companies or provide services on an independent basis.

16.     Plaintiffs and other similarly situated employees did not own any separate businesses and were not employed by any businesses, other than Mainline, to which they were required to report on a daily basis.

17.     Plaintiffs and other similarly situated employees did not advertise their services or hold themselves out as independent businessmen.

4

18.     Plaintiffs and other similarly situated employees did not maintain their own facilities, but instead depended upon the use of the Mainline facilities. Plaintiffs and those similarly situated had to report to the Mainline office every morning at a specific time. After reporting to the Mainline office, they retrieved installation equipment from the office and then headed out for their daily job assignments.

19.     Mainline provided Plaintiff and other similarly situated employees with cable wire, wire splitters, cable meters and laptops.

20.     Defendants required that Plaintiffs and other similarly situated employees wear Mainline uniforms during job assignments and present themselves as Mainline employees. Mainline charged the Plaintiffs and those similarly situated $10.00 to $15.00 per week for the uniforms.

21.     Plaintiffs and other similarly situated employees were required to report to and follow the directions of Defendants. They were required to comply with Defendants' instructions about when, where and how they were to complete their job assignments.

22.     Plaintiffs and other similarly situated employees were directed and controlled by Defendants regarding when to report to scheduled jobs; where to report to scheduled jobs; when the workday ended; how much work they received and were required to perform per day; and how to perform the necessary services in order to properly complete the scheduled jobs on behalf of Defendants.

23.     Defendants had control over, and were responsible for, entering the jobs for each day into an online database, which Plaintiffs and other similarly situated employees would check prior to and after arriving at the Mainline office.

5

24.     Defendants had control over, and were responsible for, all scheduling of the jobs and would place them into the online database. Defendants would set the timeframe within which the jobs would have to be completed, and if they were not completed in that timeframe, Plaintiffs and other similarly situated employees were charged for missed time frames.

25.     Defendants required Plaintiffs and other similarly situated employees to work six (6) days per week. If Plaintiffs or those similarly situated became sick and took off work, they were required to call Mainline and inform them they were staying home. If they did not call in and receive Defendants' permission prior to taking off work, they were subject to disciplinary action by Defendants.

26.     Plaintiffs and other similarly situated employees received training by Mainline, for which they approximately $100.00 per day. Plaintiffs and other similarly situated employees were also required to train other employees of Defendants while working at Mainline. Plaintiffs did not receive compensation during their training.

27.     At all times relevant hereto, Defendants had the right to terminate the employment of Plaintiffs and other similarly situated employees of Defendants.

28.     Defendants' misclassification of Plaintiffs and those similarly situated as "independent contractors" was a willful violation of the FLSA, as evidenced by opinions and decisions by the Department of Labor.

29.     The Defendants would not allow Plaintiffs and those similarly situated to pursue workers compensation claims even though they were injured while being employees of Defendants and threatened disciplinary action against Plaintiffs along with those similarly situated who would not follow this policy.

30.     Defendants' unlawful misclassification is further illustrated by the fact that during their employment, Plaintiffs and other similarly situated employees were switched to W-2 employees even though they were doing the same work before and when they were wrongfully classified as 1099 independent contractors.

31.     Plaintiffs and other similarly situated employees used their own vehicles to travel to and from job assignments.   Once the switch to a W-2 occurred, Defendants promised to provide Plaintiffs and other similarly situated employees with company vehicles.  Defendants failed to provide company vehicles, and Plaintiffs and other similarly situated employees were therefore required to use their own vehicles and were not reimbursed for mileage and other expenses.

32.     After the switch to a W-2 occurred, Defendants did not provide any tools or safety equipment to Plaintiffs or others similarly situated.  As W-2 employees, taxes were also deducted from Plaintiffs' and other similarly situated employees' paychecks.

33.     During the course of their employment, Plaintiffs and other similarly situated employees were not reimbursed for expenses related to work, including but not limited to travel expenses, tools or equipment.

34.     Every week, $15.00 was deducted from Plaintiffs' and other similarly situated employees' paychecks to pay for general liability insurance.  When Plaintiff Thornton asked for the name of the company providing the insurance or some type of confirmation, Defendant Rodger told Plaintiff Thornton that he could not speak with the company and that Defendants would not provide any sort of documentation.

35.     Defendants charged an $85.00 fee to Plaintiffs and other similarly situated employees if a customer called and complained about their installation.  These fees were charged

7

regardless of the reason for the complaint—for instance, even if the installation was fine but the customer simply forgot how to use the digital cable box to turn on their television.

36.     While Plaintiffs and other similarly situated employees were wrongfully misclassified as "independent contractors," they were also charged 6% of their total paychecks for workers' compensation insurance; were also charged $25 per week for telephone access to the CSG Systems and were also charged fees for safety equipment and carrying cases.

37.     Plaintiffs, along with those similarly situated, were paid by the job, also referred to as "piece work," and were not paid based upon an hourly rate. Their piece work rate was paid per box completed, and Defendants often failed to pay for all piece work including only paying for initial work and not paying for all other work completed while employed by Defendants.

38.     Defendants did not keep accurate records of the actual time worked by Plaintiffs and other similarly situated employees, nor did Defendants keep accurate records of the amount of travel time worked, all hours worked, or whether or not there were hours worked in excess of forty (40) hour per workweek.

39.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the other similarly situated employees, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine their employees' wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

40.     Plaintiffs and those similarly situated regularly worked long hours per day and in excess of 40 hours per workweek in order to complete jobs on a piece work rate.

41.     As a result of their employment with Defendants, Plaintiffs and those similarly situated also traveled extensively from workplace to workplace throughout the workday without

8

being paid for required travel time to complete their work. While working in various work locations throughout the St. Louis area, Plaintiffs and others similarly situated worked in excess of forty (40) hours per workweek.

42.    Defendants did not pay overtime pay for all hours worked in excess of forty (40) hours per workweek.

43.    Plaintiffs and those similarly situated were also forced to work evenings and weekends, in excess of forty (40) hours per workweek, without overtime compensation.

44.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

45.    Defendants' pay practices allowed Defendants to gain excess profits by illegally failing to compensate Plaintiffs and other similarly situated employees of Defendants.

46.    Plaintiffs are representative of those similarly situated individuals who are current or former employees of Defendants who were required to work in excess of forty (40) hours per workweek and who did not receive overtime compensation.

47.    Plaintiffs, along with similarly situated individuals, were entitled to received bonus compensation for an "up sale" though Defendants would collect these fees from cable companies and unlawfully withheld such compensation from the Plaintiffs or failed to pay the correct amount owed to the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

48.    Plaintiffs, individually and on behalf of other similarly situated employees of Defendants, bring Counts I and II of this Complaint seeking relief on a collective basis,

9

challenging, among other FLSA violations, Defendants' practice of failing to accurately record and pay for all overtime hours worked.

49.     Counts I and II represent a collective action for unpaid wages, damages and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.  Plaintiffs bring these claims as an "opt-in" collective action under 29 U.S.C. §216(b) on behalf of all those who filed a consent to join form with the Court.

50.     Plaintiffs are appropriate representatives for the purposes of this Court certifying a collective action and approving a notice of the action to potential opt-in Class members. Plaintiffs' FLSA claims are the same or similar to the claims of the other potential Class members.

51.     Plaintiffs are representative of those similarly situated individuals who performed work for Defendants as technicians for installation of cable, internet and telephone services at any time from six (6) years prior to the filing of this Complaint to the entry of judgment in this action who were not paid the minimum wage for all compensable hours worked; who were required to work in excess of forty (40) hours per workweek; and who did not receive overtime compensation.

52.     Plaintiffs, individually and on behalf of other similarly situated employees of Defendants, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record and pay for all overtime hours worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

## CLASS ACTION ALLEGATIONS

53.     Plaintiffs bring Counts III, IV, V, VI and VII as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and as the Class Representatives of the Class.  The Class is defined as follows:

> Class: All persons who performed work for Defendants as cable technicians at any time from six (6) years prior to the filing of this Complaint to the entry of judgment in this action and were classified as "independent contractors" and thereby denied benefits to which they were entitled ("Class").

54.     Plaintiffs' Missouri state law claims, if certified for class-wide treatment, are brought on behalf of all Class members who do not opt-out of the Class.

55.     Plaintiffs' Missouri state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.     The Class satisfies the numerosity standard.  The Class as defined above is over 100 employees and therefore so numerous that joinder of all members is impracticable.  The precise number of such persons is currently unknown, but the potential Class members are believed to be geographically dispersed.  Class members may be informed of the pendency of this class action through direct mail.

57.     Questions of fact and law common to the Class predominate over any questions affecting only individual members.  The questions of law and fact common to the Class arising from Defendants' actions include, without limitation, the following:

> (a)     Whether Defendants had a common practice to mischaracterized Plaintiffs and the Class as "independent contractors" under statutory and common

11

law through their behavior toward, control over, financial treatment of, rights and privileges withheld, and financial assessments made to Plaintiffs and other Class members;

(b)     Whether the labor and/or services provided to Defendants by Plaintiffs and the Class was or is subject to the direction and control of Defendants as to (1) the result to be accomplished by the labor or services and (2) the means and details by which that result was or is to be accomplished;

(c)     Whether Defendants have engaged in a pattern and/or practice of denying employment status, rights and privileges to Plaintiffs and Class members;

(d)     Whether Defendants have engaged in a pattern and/or practice of violating workers' compensation laws by withholding sums from Plaintiffs' and other Class members' paychecks to pay for workers' compensation insurance;

(e)     Whether Defendants failed to properly pay the Class members minimum wage and overtime pay;

(f)     Whether Defendants failed to fully and accurately record the hours worked each day and each workweek by the Class members;

(g)     Whether Defendants had a policy and or practice of making wrongful deductions from Class Members' compensation thus making Defendants liable to the Class members pursuant to quantum meruit;

(h)     Whether Defendants had a policy and or practice of making wrongful deductions from Class Members' compensation and thus Defendants have

12

been unjustly enriched by their failure to pay the Class members for time
worked;

(i)  The nature and extent of class-wide injuries and the measure of damages
for those injuries; and

(j)  Whether Defendants' conduct was willful, wanton, and/or in conscious
disregard of the rights of Plaintiffs and the Class such that an award of
punitive damages is warranted.

58.  Plaintiffs' claims are typical of those of the Class in that the Class members have
been employed in the same or sufficiently similar positions as Plaintiffs and the Class was
subject to the same unlawful practices as Plaintiffs.

59.  A class action is the appropriate method for the fair and efficient adjudication of
this controversy, as it is superior to other available methods.  Defendants acted or refused to act
on grounds generally applicable to the Class.  The presentation of separate actions by individual
Class members creates a risk of inconsistent and varying adjudications, establishing incompatible
standards of conduct for Defendants, and/or substantially impairing or impeding the ability of the
Class members to protect their interests.

60.  Plaintiffs are adequate representatives of the Class because their interests do not
conflict with the interests of the members of the Class they seek to represent.  The interests of the
members of the Class will be fairly and adequately protected by Plaintiffs and the undersigned
counsel.

61.  Maintenance of this action as a class action is a fair and efficient method for
adjudicating this controversy.  It would be impracticable and undesirable for each member of the
Class who suffered harm to bring a separate action.  In addition, the maintenance of separate

actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

62.     Plaintiffs intend to send notice to all members of the Class to the extent required by Rule 23 of the Federal Rules of Civil Procedure.

## COUNT I

### FAILURE TO PAY OVERTIME IN VIOLATION
### OF THE FAIR LABOR STANDARDS ACT

63.     Plaintiffs hereby adopt and incorporates by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through Sixty-two (62).

64.     Section 207(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half (1½) times the employee's regular rate of pay for the hours worked in excess of forty (40) hours.

65.     At all times relevant to this action, Defendants were the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d).

66.     At all times relevant to this action, Plaintiffs and those similarly situated were "employees" of Defendants as defined by § 203(e)(1) of the FLSA and worked for Defendants within the territory of the United States within the three (3) years preceding the filing of this lawsuit.

67.     At all times relevant to this action, Mainline was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by §203(s)(l) of the FLSA.

14

68.     Mainline is, and was, subject to the pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in interstate commerce.

69.     Defendants' employees, including Plaintiffs and those similarly situated, were regularly required by the Defendants to work in excess of forty (40) hours per workweek.

70.     Defendants violated the FLSA by requiring cable technicians such as Plaintiffs and other similarly situated employees to perform compensable work in excess of forty (40) hours without overtime compensation.

71.     Defendants willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Plaintiffs and others similarly situated as "independent contractors," by failing to keep accurate records of the hours worked by the cable technicians, and by failing and refusing to pay the proper hourly wage compensation to current and former employees.

72.     Plaintiffs and other similarly situated employees are entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 216(b).

73.     The FLSA requires employers to pay non-exempt employees one and one-half (1½) times the regular rate of pay at which they are employed for all hours worked in excess of forty (40) hours per workweek.  29 U.S.C. § 207.

74.     Defendants' actions, policies and/or practices were in violation of the FLSA's overtime requirements, by failing to compensate Plaintiffs and other similarly situated employees of Defendants for time spent on work activities as described in this Complaint.  Defendants further violated the FLSA by failing to keep accurate records of all hours worked by their employees, including Plaintiffs.

75.     During the scope of their employment, Plaintiffs and others similarly situated were not properly paid overtime for hours worked in excess of forty (40) hours per workweek at a rate of one and one half (1½) times the rate of regular pay.  Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages for the three (3) year period preceding the filing of this Complaint, as well as liquidated damages.

76.     Defendants knew or should have known that Plaintiffs and other similarly situated employees were entitled to overtime pay and knowingly and willfully violated the FLSA by failing to pay overtime compensation, and by failing to keep accurate records of Plaintiffs' and other similarly situated employees' work hours.  Defendants had knowledge and information of Plaintiffs' and other similarly situated employees' job duties and their hours worked in excess of forty (40) hours every workweek.

77.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld from Plaintiffs and others similarly situated by Defendants.  Accordingly, Defendants are liable under 29 U.S .C. § 216(b) for unpaid overtime, as well as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

78.     Plaintiffs and other similarly situated employees seek statutorily authorized reasonable attorneys' fees and costs, to be paid by Defendants, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs and all employees similarly situated who join in this collective action respectfully demand:

>           (a)    Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all

similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b)     Judgment against Defendants for an amount equal to Plaintiffs' and other similarly situated employees' unpaid back wages and overtime pay at the applicable overtime rate;

(c)     Judgment against Defendants for an amount equal to Plaintiffs' and other similarly situated employees' compensation for unpaid minimum wage compensation;

(d)     A finding that Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and other similarly situated employees of Defendants;

(e)     A finding that Defendants' violations of the FLSA are found to be willful;

(f)     An amount equal to the unpaid wages and overtime damages as liquidated damages (29 U.S.C. § 216(b));

(g)     All costs and reasonable attorneys' fees incurred prosecuting this claim (29 U.S.C. § 216(b));

(h)     An award of pre- and post-judgment interest, as provided by law; and

(i)     For such further relief as the Court deems just and equitable.

## COUNT II

### FAILURE TO PAY MINIMUM WAGES IN
### VIOLATION OF THE FLSA—29 U.S.C. § 206

79.     Plaintiffs hereby adopt and incorporate by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through Seventy-Eight (78).

80.     Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of at least the federal minimum wage for all hours worked in each workweek.

81.     At all times material to this action, Defendants were the "employer" of Plaintiffs and other similarly situated employees of Defendants within the meaning of 29 U.S.C. § 203(d).

82.     At all times material to this action, Plaintiffs and those similarly situated were "employees" of Defendants as defined by § 203(e)(1) of the FLSA and worked for Defendants within the United States within the three (3) years preceding the filing of this lawsuit.

83.     Mainline is, and was, subject to the pay requirements of the FLSA, because it is an enterprise engaged in commerce and its employees are engaged in commerce.

84.     Plaintiffs and other similarly situated employees utilized their personal vehicles and expended money for gas for their vehicles from their personal financial accounts.

85.     Plaintiffs and other similarly situated employees were not reimbursed by Defendants for the mileage expenses and gas money expended by Plaintiffs and those similarly situated.

86.     Plaintiffs and other similarly situated employees performed services on scheduled jobs for Defendants.

18

87.     Plaintiffs and other similarly situated employees were routinely not compensated for services performed on scheduled jobs for Defendants.

88.     Defendants' failure to reimburse Plaintiffs and those similarly situated for mileage expenses and gas money, and their failure to compensate Plaintiffs and other similarly situated employees for services performed on scheduled jobs, resulted in Plaintiffs and those similarly situated being compensated below the federal minimum wage.

89.     Plaintiffs and other similarly situated employees were not paid the minimum wage for all compensable hours worked.

90.     Defendants' actions resulted in an intentional and willful violation of refusing to adequately pay Plaintiffs and those similarly situated employees of Defendants minimum wage as required by the FLSA.

91.     Plaintiffs and other similarly situated employees seek reasonable attorneys' fees and costs, to be paid by Defendants, as provided by Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiffs and all employees similarly situated who join in this collective action respectfully demand:

> (a)     Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

(b)     Judgment against Defendants for an amount equal to Plaintiffs' and other similarly situated employees' unpaid back wages;

(c)     A finding that Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and other similarly situated employees of Defendants;

(d)     A finding that Defendants' violations of the FLSA are found to be willful;

(e)     An amount equal to the unpaid wages as liquidated damages (29 U.S.C. § 216(b));

(f)     All costs and reasonable attorneys' fees incurred prosecuting this claim (29 U.S.C. § 2 16(b));

(g)     An award of pre- and post-judgment interest, as provided by law; and

(h)     For such further relief as the Court deems just and equitable.

## COUNT III

### CLASS ACTION FOR VIOLATION OF THE MISSOURI MINIMUM WAGE LAW

92.     Plaintiffs hereby adopt and incorporate by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through Ninety-One (91).

93.     At all relevant times herein, Plaintiffs and the Class have been entitled to the rights, protections and benefits provided under the MMWL, RSMo. § 290.500, et seq.

94.     The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers. RSMo. § 290.500(3) & (4); RSMo. §§ 290.502.1, 290.505.1.

95.     During all times relevant to this action, Defendants were the "employer" of Plaintiffs and the Class within the meaning of the MMWL. RSMo. §§ 290.500(3) & (4).

96.     During all times relevant to this action, Plaintiffs and the Class were Defendants'
"employees" within the meaning of Missouri's wage and hour laws.  RSMo. § 290.500(3).

97.     Pursuant to the MMWL, employees are entitled to be paid at least minimum wage
for all hours worked in each workweek, and also to be compensated at a rate of not less than one
and one-half (1½) times the regular rate at which such employees are employed for all work
performed in excess of forty (40) hours in a workweek.  RSMo. §§ 290.502.1, 290.505.1.

98.     Defendants, pursuant to their policy and practice, violated the MMWL by
refusing and failing to pay Plaintiffs and the Class minimum wage and overtime wages.  RSMo.
§§ 290.502.1, 290.505.1.

99.     Plaintiffs and the Class are victims of a uniform and employer-based
compensation policy.  This uniform policy, in violation of the MMWL, has been applied to all
Class members.

100.    Plaintiffs and the Class are entitled to damages equal to all unpaid overtime wages
due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling
along with an additional equal amount as liquidated damages.  RSMo. § 290.527.

101.    Plaintiffs and the Class are entitled to an award of pre-judgment and post-
judgment interest at the applicable legal rate.

102.    Defendants are liable pursuant to RSMo. § 290.527 for Plaintiffs' and the Class
members' costs and reasonable attorneys' fees incurred in this action.

**WHEREFORE**, Plaintiffs and the Class respectfully demand:

(a)     Designation of this action as a Class Action on behalf of the Class and
prompt issuance of notice to all similarly situated members of the Class
apprising them of this action;

21

(b)     Judgment against Defendants for an amount equal to Plaintiffs' and the Class members' unpaid back wages and overtime pay at the applicable overtime rate;

(c)     An amount equal to the unpaid wages and overtime damages as liquidated damages (RSMo. § 290.527);

(d)     Attorneys' fees and costs as allowed by RSMo. § 290.527;

(e)     Pre-judgment and post-judgment interest as provided by law; and

(f)     Such other relief as the Court deems fair and equitable.

**COUNT IV**

**CLASS ACTION FOR CLAIM OF NEGLIGENCE *PER SE***

103.    Plaintiffs hereby adopt and incorporate by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through One Hundred Two (102).

104.    Missouri law, including RSMo. § 287.290, states that no part of the cost of workers' compensation insurance shall be assessed against, collected from or paid by any employee.

105.    Plaintiffs and the Class are part of the class sought to be protected by RSMo. § 287.290 because the amount of direction and control Defendants exerted over Plaintiffs and the Class is such that Plaintiffs and the Class were employees of Defendants and not independent contractors as Defendants improperly claimed.

106.    Defendants assessed, collected and/or deducted sums from each paycheck of Plaintiffs and the Class in order to pay for some or all of the cost of workers' compensation insurance in violation of RSMo. § 287.290.

22

107.     Defendants' violation of RSMo. § 287.290 proximately caused and contributed to damages for Plaintiffs and the Class, including but not limited to lost wages and interest, and such damages are the type the statute was designed to prevent.

108.     Defendants knowingly and/or recklessly disregarded Plaintiffs' and the Class members' legal rights and otherwise caused injuries to Plaintiffs and the Class.

109.     Defendants acted in wanton, willful and conscious disregard for, and/or engaged in grossly negligent violations of, the rights of Plaintiffs and the Class to be accorded their true status and attendant rights and privileges as employees of Defendants.

**WHEREFORE**, Plaintiffs and the Class respectfully demand:

(a)     Designation of this action as a Class Action on behalf of the Class and prompt issuance of notice to all similarly situated members of the Class apprising them of this action;

(b)     Judgment against Defendants for general and/or compensatory damages according to proof at trial;

(c)     Judgment against Defendants for special and/or punitive damages according to proof at trial;

(d)     An Order imposing a constructive trust upon Defendants to compel Defendants to transfer Plaintiffs' and the Class members' lost wages and other damages that have been wrongfully withheld by Defendants to Plaintiffs and the Class;

(e)     An Order returning all of Plaintiffs' and the Class members' wages that were wrongfully withheld to pay for workers' compensation insurance in accordance with the proof at trial;

23

    (f)      An accounting to determine all money wrongfully withheld by Defendants, including the value by which Defendants were unjustly enriched as a result of their illegal actions toward Plaintiffs and the Class;

    (g)      Attorneys' fees and costs as allowed by law;

    (h)      Pre-judgment and post-judgment interest as provided by law; and

    (f)      Such other relief as the Court deems fair and equitable.

**COUNT V**

**CLASS ACTION FOR CLAIM OF BREACH OF THE COVENANT
OF GOOD FAITH AND FAIR DEALING**

110.    Plaintiffs hereby adopt and incorporate by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through One Hundred Nine (109).

111.    Every contract entered into in Missouri contains an implied covenant of good faith and fair dealing by each party not to do anything that will deprive the other party of the benefits of the contract, and breach of this covenant by failure to deal fairly or in good faith gives rise to any action for damages.

112.    Plaintiffs and the Class, though misclassified as independent contractors by Defendants, were employees of Defendants and accordingly, an implied employment contract existed between Defendants on the one hand and Plaintiffs and the Class members on the other hand.

113.    The implied employment contract required Defendants to provide Plaintiffs and the Class all the rights and privileges of employment status, including prohibiting Defendants from withholding sums of money from Plaintiffs' and the Class members' paychecks to pay for workers' compensation insurance, general liability insurance, access to CSG Systems, carrying

cases, safety equipment, refusal to pay bonus compensation and prohibiting Defendants from charging unreasonable fees to Plaintiffs and the Class for unwarranted customer complaints.

114.    Defendants' campaign to misclassify Plaintiffs and the Class as independent contractors rather than employees constitutes a breach of the implied covenant of good faith and fair dealing by interfering with Plaintiffs' and the Class members' rights and privileges as employees, including but not limited to their rights to not pay for their own workers' compensation insurance and to be fully paid for proper cable installation.

115.    Defendants' conduct herein alleged caused Plaintiffs and the Class to be deprived of statutorily guaranteed and other employee rights and privileges and to incur lost wages due to Defendants' illegal withholding of sums to pay for workers' compensation insurance from all Plaintiffs' and Class members' paychecks and the items identified hereinabove as improper deductions and failure to pay bonus compensation.

116.    Defendants' conduct resulted in damages to Plaintiffs and the Class, including but not limited to lost wages and interest.

117.    Defendants acted in wanton, willful and conscious disregard for, and/or engaged in grossly negligent violations of, the rights of Plaintiffs and the Class to be accorded their true status and attendant rights and privileges as employees of Defendants.

**WHEREFORE**, Plaintiffs and the Class respectfully demand:

       (a)    Designation of this action as a Class Action on behalf of the Class and prompt issuance of notice to all similarly situated members of the Class apprising them of this action;

       (b)    Judgment against Defendants for general and/or compensatory damages according to proof at trial;

(c)     Judgment against Defendants for special and/or punitive damages according to proof at trial;

(d)     An Order imposing a constructive trust upon Defendants to compel Defendants to transfer Plaintiffs' and the Class members' lost wages and other damages that have been wrongfully withheld by Defendants to Plaintiffs and the Class;

(e)     An Order requiring Defendants to pay all Plaintiffs' and Class members' damages caused by Defendants' failure to treat Plaintiffs and the Class as employees, in accordance with the proof at trial;

(f)     An accounting to determine all money wrongfully withheld by Defendants, including the value by which Defendants were unjustly enriched as a result of their illegal actions toward Plaintiffs and the Class;

(g)     Attorneys' fees and costs as allowed by law;

(h)     Pre-judgment and post-judgment interest as provided by law; and

(i)     Such other relief as the Court deems fair and equitable.

## COUNT VI

### CLASS ACTION FOR CLAIM OF QUANTUM MERUIT

118.    Plaintiffs hereby adopt and incorporate by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through One Hundred Seventeen (117).

119.    Plaintiffs and the Class performed work for Defendants without receiving full compensation.

120.    Defendants recognized the benefits conferred upon them by Plaintiffs and the Class.

121.    Defendants were notified of the overtime work performed without compensation and demand was made for payment for such work.

122.    Defendants also engaged in a pattern and/or practice of charging an $85.00 fee to Plaintiffs and the Class if a customer called and complained about their installation. These fees were charged regardless of the reason for the complaint. Defendants also engaged in a pattern and practice of withholding sums of money from Plaintiffs' and the Class members' paychecks to pay for workers' compensation insurance, general liability insurance, access to CSG Systems, carrying cases, safety equipment, and refusing to pay bonus compensation as described herein.

123.    Defendants have thereby been unjustly enriched and/or Plaintiffs and the Class have been damaged. For example, by unjustly retaining full compensation from Plaintiffs and the Class, Defendants enjoyed reduced overhead and realized additional profits for their operations to the detriment of Plaintiff and the Class.

124.    The payment requested by Plaintiffs and the Class for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

125.    Plaintiffs and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

126.    Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

**WHEREFORE,** Plaintiffs and the Class respectfully demand:

    (a)    Designation of this action as a Class Action on behalf of the Class and prompt issuance of notice to all similarly situated members of the Class apprising them of this action;

    (b)    Judgment against Defendants for an amount equal to Plaintiffs' and the Class members' unpaid wages;

    (c)    Attorneys' fees and costs as allowed by law;

    (d)    Pre-judgment and post-judgment interest as provided by law;

    (e)    Such other relief as the Court deems fair and equitable.

**COUNT VII**

**CLASS ACTION FOR CLAIM OF UNJUST ENRICHMENT**

127.    Plaintiffs hereby adopt and incorporate by reference, as if the same were fully stated herein, each and every one of their allegations from Paragraphs One (1) through One Hundred Twenty-Six (126).

128.    Plaintiffs and the Class conferred benefits on Defendants by completion of installation and repair of cable, internet and telephone services and Defendants received such benefits conferred upon them by Plaintiffs and the Class.

129.    Defendants appreciated the fact of the benefits.

130.    Defendants accepted and retained the benefits in circumstances that render such retention inequitable. Defendants have thereby been unjustly enriched and/or Plaintiffs and the Class have been damaged by wrongful deductions from their compensation and withholding of bonus compensation as described hereinabove.

131.   Plaintiffs and the Class are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

132.   Plaintiffs and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

**WHEREFORE**, Plaintiffs and the Class respectfully demand:

(a)   Designation of this action as a Class Action on behalf of the Class and prompt issuance of notice to all similarly situated members of the Class apprising them of this action;

(b)   Judgment against Defendants for an amount equal to Plaintiffs' and the Class members' unpaid wages;

(c)   Attorneys' fees and costs as allowed by law;

(d)   Pre-judgment and post-judgment interest as provided by law;

(e)   Such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

**WEISS & ASSOCIATES, P.C.**


By: */s/ James G. Nowogrocki*
James G. Nowogrocki, #38559MO
jnowogrocki@weisslawstl.com
Richard D. Worth, #61025MO
rworth@weisslawstl.com
1015 Locust Street, Suite 400
St. Louis, Missouri 63101
Telephone: (314) 588-9500
Facsimile: (314) 588-9595
*Attorneys for Plaintiff Bernard Thornton*