UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BERNARD THORTON, LEJUAN WILEY, )
and TYRONE CAMERON, on behalf of )
themselves and all other similarly situated, )
)
Plaintiffs, )
)
vs. ) Case No. 4:12CV479SNLJ
)
CHARTER COMMUNICATIONS, )
ET. AL., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court *sua sponte*. On March 15, 2012 plaintiffs, cable technicians, filed this putative class action lawsuit alleging that defendants Mainline Communications, Rodger Miller, and Fransha Miller had misclassified them as independent contractors in order to unlawfully deny them overtime pay, payments for jobs performed, bonus payments; to improperly deduct monies from their paychecks; and failed to reimburse them for certain work-related expenses. Plaintiffs sought relief pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§201 *et. seq.*, the Missouri Minium Wage Law, §§290.500 *et.seq.* R.S.Mo., the Missouri Workers' Compensation Law, §287.290 R.S.Mo., as well as various Missouri common law claims. Since the filing of the original complaint, the plaintiffs' class composition has changed, defendants Charter Communications LLC and Charter Communications, Inc. have been added to this lawsuit, and the original complaint has been amended twice.

On January 18, 2013 defendants Charter Communications LLC and Charter Communications, Inc. (hereinafter referred to collectively as defendant Charter) filed a motion to dismiss [42] addressing alleged legal flaws in the First Amended Complaint [26], filed November 19, 2012. On or about February 6 and 7, 2013 plaintiffs filed a response to the motion to dismiss [56], as well as filing a Second Amended Complaint [60].

Meanwhile, plaintiffs filed an amended motion to certify class [36]. On January 9, 2013 the Court granted defendants Mainline and Millers until February 13, 2012 to respond to the amended motion to certify class [41]. Defendants Mainline and Millers failed to file a responsive pleading on or about February 13, 2013.

Finally, on February 1, 2013 plaintiffs filed a motion to expedite discovery on a limited basis [53] which, to-date, no defendant has filed a responsive pleading.

On February 7, 2013 the Court held a status conference with all counsel to discuss the adjudication of this case, especially in light of the pending motion to dismiss in connection with the recent filing of the Second Amended Complaint, the amended motion to certify class, and motion to expedite discovery on a limited basis. It became apparent at this conference that the issue of whether or not defendant Charter was a "joint employer" was a primary disputed matter which significantly impacted upon the matter of class certification.[1] Essentially, the parties differ as to whether the Court should first address Charter's contention it is not a "joint employer" before addressing the matter of class certification. The Court and the parties agreed to extend defendant Mainline's response time to the amended motion to certify until February 27, 2013. Furthermore, the parties agreed to confer and file, on or before February 14, 2013, a joint

---

[1] At that time, Mainline raised the issue of whether defendant Fransha Miller could also be held liable under a joint employer theory.

2

scheduling plan to address the pending motions and/or the matter of whether the Court should address the issue of "joint employer" prior to addressing the matter of class certification. *See*, Court Order [58], filed February 7, 2013.

On February 14, 2013 the parties filed a Joint Submission Regarding A Scheduling Plan for Outstanding Motions [61]. According to this document, defendant Charter has agreed not to contest the sufficiency of the allegations in the Second Amended Complaint that Charter jointly employed the plaintiffs at the pleading stage; and plaintiffs have agreed to dismiss with prejudice Count V (claim for breach of the covenant of good faith and fair dealing) from the Second Amended Complaint. Furthermore, Charter and the plaintiffs have agreed that the arguments raised in the pending motion to dismiss[42] as to Counts IV, VI, and VII; as well as the plaintiffs' response thereto[55], would be applicable to the Second Amended Complaint. Charter and the plaintiffs further agreed that Charter would file its reply in support of the motion to dismiss on or before February 28, 2013.

Also contained in this document are the differing positions of Charter and the plaintiffs as to whether the Court should address the issue of "joint employer" prior to addressing the matter of class certification. Furthermore, in the event the Court should decide to address the issue of "joint employer" prior to addressing the matter of class certification, the parties have submitted an agreed-upon discovery plan limited to this issue.

The Court has carefully reviewed the parties' position on this disputed matter, the relevant caselaw, and the submitted exhibits. After careful consideration of this matter, the Court has determined that the issue of liability pursuant to a theory of "joint employer" must be addressed first since it is extremely important to the parties' legal positions in this case, and depending upon the Court's determination, could have a significant impact on class certification. It is the Court's

opinion that in the best interests of the parties, and for purposes of judicial economy and efficiency, the Court must address the issue of liability under a theory of "joint employer" prior to addressing the matter of class certification.

The Court has reviewed the parties' joint discovery plan on this limited matter of liability under a theory of "joint employer", and finds same to be acceptable.

Accordingly,

**IT IS HEREBY ORDERED** that Count V of the plaintiffs' Second Amended Complaint [60] be and is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendant Charter shall have up to and including February 28, 2013 to file it reply in support of its motion to dismiss [42]. Upon the filing of said reply, the Court will consider the matter ripe for disposition, and will consider all arguments raised in Charter's motion to dismiss [42] as to Counts IV, VI, and VII, and the plaintiffs' response thereto [55], applicable to the Second Amended Complaint.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to expedite discovery [53] be and is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the following discovery plan as to the limited issue of defendants Charter and Fransha Miller's liability under the theory of "joint employer" be implemented as follows:

    1) All Phase I discovery (i.e.; discovery limited solely to the issue of

      "joint employer") be completed by May 14, 2013;

    2) All dispositive motions on the joint employer issue be filed thirty

      (30) days following the close of Phase I discovery, or June 13, 2013;

    3) All responses to any dispositive motions be filed thirty (30) days

following the deadline for filing such dispositive motions, or

July 13, 2013; and

4) All replies in support of dispositive motions be filed twenty-one

(21) days following the deadline for filing responses, or

August 3, 2013.

**IT IS FINALLY ORDERED** that any modifications to the above-stated deadlines shall be agreed upon by all parties, in writing, and submitted to the Court for final approval.

Dated this ___26th___ day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE