UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BERNARD THORNTON, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     vs. | )    Case No. 4:12cv479SNLJ |
| | ) |
| **CHARTER COMMUNICATIONS, LLC,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM AND ORDER**

Plaintiffs filed this matter against several defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and the Missouri Minimum Wage Laws, R.S. Mo. § 290.500, et seq. ("MMWL") in a seven-count complaint.  Defendants Charter Communications, LLC, and Charter Communications, Inc., moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (#42).  The parties have agreed to address only Counts IV, VI, and VII at this stage of the proceedings. Those counts are for negligence per se (Count IV) based on an alleged violation of the Missouri Workers Compensation law, § 287.290 RSMo, which prohibits the deduction of workers' compensation insurance from employees, and for common law claims seeking recovery of unpaid wages under quantum meruit (Count VI) and unjust enrichment(Count VII) theories.

**I.**     **Background**

Plaintiffs alleged they were employed by defendants as cable technicians and that they were wrongly classified as independent contractors.  According to plaintiffs, defendants required them to perform compensable work in excess of 40 hours without overtime compensation, failed to reimburse them for mileage expenses and gas money, and failed to compensate them for services performed on scheduled jobs, resulting in their being compensated below the federal

minimum wage. Plaintiffs also claim that this same alleged conduct violated the MMWL. In addition to the statutory wage claims, plaintiffs bring Missouri common law claims arising out of the same alleged conduct. Specifically, plaintiffs allege a claim of negligence *per se* for alleged paycheck deductions for workers' compensation insurance. Plaintiffs also bring claims for quantum meruit, alleging that defendants unjustly retained plaintiffs' compensation, withholding sums of money from plaintiffs, and charging plaintiffs for work that customers had complained about. Finally, plaintiffs bring a separate unjust enrichment claim for benefits plaintiffs allegedly conferred though their work, which defendants allegedly "accepted and retained" in circumstances that render such retention inequitable.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). A complaint must be dismissed for failure to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 560 (2007) (abrogating the traditional "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A petitioner need not provide specific facts to support his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the grounds on which the claim rests, and to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008), *cert. denied*, 129 S.Ct. 222 (2008) (quoting *Twombly*, 550 U.S. at 555-56 & n.3).

2

In ruling on a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the petitioner. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). Although a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a petitioner must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 555 (internal citations omitted). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged." *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). When determining the facial plausibility of a claim, the Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id*. (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). Finally, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Id*. (quoting *Iqbal*, 129 S.Ct. at 1950).

As for defendants' arguments about the statute of limitations, "[t]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir.2011) (quoting *Jessie v. Potter*, 516 F.3d 709, 713 n. 2 (8th Cir.2008)), *quoted in Trapp v. O. Lee, LLC*, 918 F. Supp. 3d 911, 913 (E.D. Mo. 2013).

3

**III.    Discussion**

The Charter defendants contend that Counts IV, VI, and VII should be dismissed.

**A.    Count IV**

Count IV is for negliegence *per se*, which is based on defendants' alleged violation of Missouri's Workers Compensation law, § 287.290, which prohibits the deduction of workers' compensation insurance from employees. "Negligence *per se* 'is a form of ordinary negligence that results from the violation of a statute.'" *Lowdermilk v. Vescovo Bldg. & Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. Ct. App. 2002) (quoting 57A Am.Jur. 2d *Negligence* § 727 (1989)).

> Four requirements must be met to establish a claim for negligence per se: 1) a violation of a statute or ordinance; 2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; 3) the injury complained of must be of the nature that the statute or ordinance was designed to prevent; and 4) the violation of the statute or ordinance must be the proximate cause of the injury.

*Id.*  In addition, the Court must determine whether the statute alleged to have been violated is a statute on which negligence *per se* may be premised.  *Id.*  Here, defendants claim that the Missouri Workers' Compensation law on which Count IV is based does not provide for a private cause of action.  Section 287.290 RSMo states "No part of the cost of such [Workers Compensation] insurance shall be assessed against, collected from or paid by any employee." Ordinarily, a claim for negligence per se arises from the violation of a safety statute in cases involving personal injury or physical injury to property.  *Lowdermilk*, 91 S.W.3d at 628, *cited by Cisco v. Mullikin*, 4:11 CV 295 RWS, 2012 WL 1565240, *1 (E.D. Mo. May 2, 2012).  In addition, "[t]he test to determine whether a violation of a statute may constitute negligence per se depends on legislative intent." *Lowdermilk*, 91 S.W.3d at 629.  Here, it appears that § 287.290 RSMo is not a statute that can support a negligence *per se* cause of action.  First, it is not the sort of safety statute upon which such a claim is traditionally based.  *See Cisco*, 2012 WL 1565240, at *2.  Second, the legislative intent behind the statute is not to establish a duty of care.  Indeed,

4

there was no private right of action explicitly created by the statute,[1] and, in accordance with 2005 legislative changes to the Workers Compensation law, the "courts shall construe the provisions of [the Workers Compensation Law] strictly." § 287.800(1) RSMo.  *See also Associated Indemnity Corp. v. Small*, No. 06-00187-CV-W-REL, 2007 WL 844773, *6 (W.D. Mo. March 19, 2007) (dismissing negligence *per se* claim where the statute contained no private cause of action and, in fact, prohibited private cause of action); *Letlow v. Evans*, 857 F. Supp. 676, 678 (W.D. Mo. 1994) (dismissing negligence *per se* claim where the statute could not serve as a basis of a private cause of action).  Accordingly, Count IV will be dismissed.

    **B.**    **Counts VI and VII**

Next, defendants contend that plaintiffs' Counts related to unjust enrichment and quantum meruit are subject to the two-year statute of limitations set forth in the Missouri Statutes Chapter 290, which is titled "Wages, Hours and Dismissal Rights."  The pertinent section — part of the "Minimum Wage Law"or MMWL — states as follows:

> 290.527. Action for underpayment of wages, employee may bring--limitation
>
> Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim. Any agreement between the employee and the employer to work for less than the wage rate shall be no defense to the action. *All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action*.

§ 290.527 RSMo (emphasis added).  Defendants argue that the two-year limitation set forth in § 290.527 applies to any claims involving wages, including common-law claims such as those in

---

[1] *Compare* § 287.780 RSMo, which states "No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter.  Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer."

5

Counts VI and VII. Plaintiffs appear to concede that a two-year statute of limitations applies to their common law claims to the extent they seek overtime pay. But plaintiffs contend that the common law contract-based claims are governed by the five-year statute of limitations to the extent they involve claims for other wages. *See* § 516.120(1) RSMo ("Within five years...[a]ll actions upon contracts, obligations or liabilities, express or implied"). Notably, yet another statute — § 516.140 RSMo — explicitly states that actions for "unpaid minimum wages" or "unpaid overtime compensation" are subject to a two-year statute of limitation. Defendants' argument is that § 290.527 applies a two-year statute of limitation to *all* wage claims.

Defendants' argument has been raised before in this Court. *See Trapp*, 918 F. Supp. 3d 911; *Short v. Nat'l Asset Recovery Servs., Inc.*, No. 1:13-CV-047 SNLJ, 2013 WL 3389053 (E.D. Mo. July 8, 2013); *Davenport v. Charter Comms.*, No. 4:12cv7 AGF, 2013 WL 992328 (E.D. Mo. Mar. 13, 2013)[2]. Plaintiffs in those cases similarly brought FLSA, MMWL, quantum meruit, breach of contract, and unjust enrichment claims against their employers seeking damages for straight time and overtime wages. The court in *Trapp* analyzed the three statutes and held as follows:

> Although the two-year limitations period in § 516.140 applies to Trapp's claims seeking overtime pay for breach of contract, quantum meruit, and unjust enrichment, the five-year statute of § 516.120 applies to the claims insofar as those claims seek recovery of regular or straight time wages. The two-year statute of limitations in § 290.527 does not apply because it applies only to claims arising under the [Missouri Minimum Wage Law] for an employee who is paid less wages than required by §§ 290.500 to 290.530. The last sentence of § 290.527 creates a two-year statute of limitations for "[a]ll actions for the collection of any deficiency in wages." Despite its broad language, this sentence must be read in the context of § 290.527 as a whole, which explicitly limits its application to actions arising under §§ 290.500 to 290.530.

---

[2]Notably, the defendants rely on a precursor *Davenport* case, No. 4:12cv7 AGF, 2012 WL 5050580, at *1 (E.D. Mo. Oct. 18, 2012). That case was reversed on reconsideration (after briefing concluded in this case) in *Davenport v. Charter Comms.*, No. 4:12cv7 AGF, 2013 WL 992328 (E.D. Mo. Mar. 13, 2013).

6

*Trapp*, 918 F. Supp. 3d at 914. The reasoning in *Trapp* was thereafter adopted by this Court in the *Davenport* and *Short* cases. *Davenport*, 2013 WL 992328, at *2; *Short*, 2013 WL 3389053, at *3. *See also Banks v. Ameren UE,* 4:05CV477 JCH, 2005 WL 2176927 (E.D. Mo. Sept. 8, 2005) (holding that §290.527 did not apply because it is "the statute of limitations for unpaid *minimum* wages") (emphasis in original); *Nobles v. State Farm Mutual Automobile Insurance Company,* No. 2:10CV4175 NKL, 2011 WL 5563444 (W.D. Mo. Nov. 15, 2011) (applying the five-year statute of limitations of §516.140 to plaintiffs' unjust enrichment claim concerning non-overtime wages). Defendants' arguments regarding statutory construction have already been addressed by this Court in *Trapp* and adopted in subsequent opinions. This Court agrees with the analysis in *Trapp* and will not accept defendants' invitation to depart from that line of reasoning. Defendants' motion to dismiss is therefore denied as to Counts VI and VII in accordance with this analysis.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss (#42) is **DENIED** in part and **GRANTED** in part, as provided herein.

Dated this   27th   day of September, 2013.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

7