UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BERNARD THORNTON, et al.,           )
                                    )
            Plaintiffs,             )
                                    )
v.                                  )        Case No. 4:12CV479 SNLJ
                                    )
MAINLINE COMMUNICATIONS,            )
LLC., et al.,                       )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' motion to conditionally certify the

class they seek to represent. Defendants have failed to file a response and the time for

doing so has passed. The matter is ripe for disposition. For the following reasons, the

motion will be denied.

## I.      Background

Plaintiffs Bernard Thornton, Lejuan Wiley, and Tyrone Cameron ("plaintiffs")

filed this multi-count action[1] against defendants Mainline Communications, Inc.

("Mainline") and Rodger Miller alleging violations of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Missouri Minimum Wage Law ("MMWL"),

§ 290.500 RSMo., *et seq.*, as well as common law claims for breach of the covenant of

good faith and fair dealing, quantum meruit, and unjust enrichment. Plaintiffs worked as

---

[1] Since the filing of the complaint, eight additional Mainline technicians have filed
consents to join as plaintiffs including Shawn Brooks, Robert Fulton, Terry Gear, Paul
Johnson, Ken Scarbrough, Anthony Thomas, Alexander Grimes, and Marcus Fulton.

technicians for Mainline installing and repairing cable, internet, and telephone services. At all times relevant, Rodger Miller was the owner of Mainline. Mainline was a contracting company that performed services for Charter. Prior to July 2011, Mainline treated its technicians as independent contractors. In July 2011, Mainline reclassified its technicians from a 1099 workforce to a W-2 workforce. According to plaintiffs, defendants misclassified them as independent contractors and required them to perform compensable work in excess of forty hours without overtime compensation prior to July 2011. Plaintiffs move for conditional certification under the FLSA so that they may notify similarly situated current and former employees of defendants of this action and provide them an opportunity to "opt in" as plaintiffs to this litigation.

## II.     Motion to Conditionally Certify Class

Under section 7 of the FLSA, an employer may not subject non-exempt employees to a work week in excess of forty hours unless the employee is compensated for overtime with pay of at least one and one half times the regular hourly wage. 29 U.S.C. § 207. An employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained by an employee on his own behalf as well as for those "similarly situated." *Id.* A collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent to join the action. *Id.*

The FLSA does not define "similarly situated," and the Eighth Circuit has not addressed what standard should be applied to the phrase. *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008). District courts in this circuit, however, have conducted a two-step analysis to determine whether employees are "similarly situated." *Littlefield v. Dealer Warranty Services, LLC*, 679 F. Supp. 2d 1014, 1016-17 (E.D. Mo. 2010). The first step is the "notice stage," in which plaintiffs seek early conditional class certification and notify potential class members of the case. *Id.* The second step is the "merits stage," which takes place after discovery and during which defendant may move to decertify the class. *Id.* at 1017.

Plaintiffs' burden at the "notice stage" is not onerous: conditional certification "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* Plaintiffs may satisfy this burden through affidavits, supported by admissible evidence. *Id.* "The plaintiffs may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Id.* The Court does not need to determine whether class members are *actually* similarly situated until the "merits stage" of the litigation, when defendant typically moves to decertify the class. *Id.*

## III. Discussion

Plaintiffs claim that defendants had a common policy of misclassifying technicians as independent contractors. Further, plaintiffs claim defendants required them to perform compensable work in excess of forty hours without overtime compensation prior to July 2011.

"In a typical case, the court decides whether to conditionally certify a class based solely on the plaintiffs' affidavits." *Id.* (citing *Huang*, 248 F.R.D. at 227). Here, plaintiffs have submitted affidavits and excerpts from defendant Miller's deposition testimony in support of conditional certification. Having reviewed plaintiffs' motion and supporting documents in light of the relevant standards, this Court finds that plaintiffs have not met the burden of demonstrating that conditional certification is appropriate. According to plaintiffs' affidavit testimony, they and other members of the proposed collective action were victims of a single decision, policy, or plan to classify technicians as independent contractors instead of employees prior to July 2011. Plaintiffs' affidavit testimony, however, is insufficient to show that other technicians worked in excess of forty hours per week and were not paid overtime. Instead, plaintiffs' affidavits only generally allege that they witnessed other technicians being subject to the same Mainline policies and control and being classified as independent contractors. It is not inherent in these statements that other technicians did, in fact, work in excess of forty hours without overtime compensation.

Further, because of the change in July 2011 under which technicians became employees of Mainline, plaintiffs cannot show that that they are similarly situated with any technicians who have worked for Mainline in the last three years. The FLSA requires that a civil enforcement action be commenced within two years after the cause of action accrued, except that a cause of action arising out of a "willful" violation may be commenced within three years. *Laughlin v. Richland Shoe Co.*, 486 U.S. 128, 128-36 (1988). "In the case of a collective action under the FLSA, the action is commenced

when a party files his or her written consent to become a part of the action." *Redman v.*

*U.S. West Bus. Res., Inc.*, 153 F.3d 691, 695 (8th Cir. 1998).  Plaintiffs' affidavit

testimony pertains to the time period prior to July 2011 when they were classified as

independent contractors.  Since July 2011, technicians have been classified as employees.

As a result, plaintiffs have not established that there exists a class of technicians that have

worked for Mainline in the last three years that are similarly situated to plaintiffs.  The

Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' joint motion to conditionally certify

class and for disclosure of putative class members' names and contact information for

notice purposes (ECF #132) is **DENIED**.

Dated this 26th day of June, 2015.


_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE