UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BERNARD THORNTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:12-CV-00479 SNLJ |
| | ) |
| MAINLINE COMMUNICATIONS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' motion for attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b). Defendants have not filed a response and the time for doing so has passed. The matter is ripe for disposition. For the following reasons, the motion will be granted in part and denied in part.

**I.   Background**

On March 15, 2012, plaintiffs Bernard Thornton, Lejuan Wiley, and Tyrone Cameron ("plaintiffs") filed a multi-count complaint against defendants Mainline Communications, LLC and Rodger Miller alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Missouri Minimum Wage Law ("MMWL"), § 290.500 RSMo., *et seq.*, as well as common law claims for quantum meruit and unjust enrichment. Plaintiffs alleged that they were misclassified as independent contractors and denied overtime pay.

On January 19, 2016, this Court granted plaintiffs' motion for partial summary judgment on their overtime wage claims under the FLSA and MMWL, counts I and III of their second amended complaint, against defendants Mainline Communications, LLC and Rodger Miller. Plaintiff Bernard Thornton was awarded $9,580.94 in damages, plaintiff Lejuan Wiley was awarded $33,209.34 in damages, and plaintiff Tyrone Cameron was awarded $7,340.70 in damages. Additionally, plaintiffs requested their attorney's fees and costs pursuant to the FLSA. This Court granted plaintiffs time to submit verified documentation of the expenses and attorney's fees incurred. Plaintiffs' submission on this issue is now before the Court. Plaintiffs seek $59,649.40 in attorneys' fees and $1973.65 in costs for a total of $61,623.05. Defendants have not filed any objection or other response to plaintiffs' request.

## II.     Discussion

### A.     Attorney's Fees

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[The court does] not automatically accept the lawyer's rate as reasonable; we look also to the ordinary fee for similar work in the community." *Shakopee v. Mdewakanton Sioux Community v. City of Prior Lake, Minn.*, 771 F.2d 1153, 1160 (8th Cir. 1985) (internal quotation and citation omitted). "The court

On January 19, 2016, this Court granted plaintiffs' motion for partial summary judgment on their overtime wage claims under the FLSA and MMWL, counts I and III of their second amended complaint, against defendants Mainline Communications, LLC and Rodger Miller. Plaintiff Bernard Thornton was awarded $9,580.94 in damages, plaintiff Lejuan Wiley was awarded $33,209.34 in damages, and plaintiff Tyrone Cameron was awarded $7,340.70 in damages. Additionally, plaintiffs requested their attorney's fees and costs pursuant to the FLSA. This Court granted plaintiffs time to submit verified documentation of the expenses and attorney's fees incurred. Plaintiffs' submission on this issue is now before the Court. Plaintiffs seek $59,649.40 in attorneys' fees and $1973.65 in costs for a total of $61,623.05. Defendants have not filed any objection or other response to plaintiffs' request.

## II.     Discussion

### A.     Attorney's Fees

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "[The court does] not automatically accept the lawyer's rate as reasonable; we look also to the ordinary fee for similar work in the community." *Shakopee v. Mdewakanton Sioux Community v. City of Prior Lake, Minn.*, 771 F.2d 1153, 1160 (8th Cir. 1985) (internal quotation and citation omitted). "The court

should also consider: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." *Starks v. Harris Co. Inc.*, 4:12CV473 DDN, 2014 WL 1314945, at *2 (E.D. Mo. March 26, 2014) (citing *Zoll v. Eastern Allamakee Community School Dist.*, 588 F.2d 246, 252 n. 11 (8th Cir. 1978).

"The fee applicant bears the burden of substantiating the claimed number of hours expended." *West v. Matthews Intern. Corp.*, 4:09CV1867 DDN, 2011 WL 3904100, at *3 (E.D. Mo. Sept. 6, 2011) (citing *Hensley*, 461 U.S. at 437). "The court should deduct hours that are not reasonably expended." *Id.* (citing *Hensley*, 461 U.S. at 434). "A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used." *Id.* (quoting *A. J. ex rel. L. B. v. Kierst*, 56 F.3d 849, 864 (8th Cir. 1995)). Additionally, hours that are "excessive, redundant, or otherwise unnecessary" are not to be included in an award of fees. *Hensley*, 461 U.S. at 434.

Plaintiffs seek attorneys' fees in the amount of $59,649.40 based on a total of 226.7 hours expended on the litigation of the claims against these defendants. The attorneys' fees include fee expenses for attorney James Nowogrocki at $350.00 per hour,

3

attorney Richard Worth at $250.00 per hour, and paralegal time at $70.00 and $92.00 per hour. This Court has previously approved hourly rates of $350.00 for Mr. Nowogrocki and $250.00 for Mr. Worth in an FLSA case. *Koenig v. Bourdeau Const. LLC*, 4:13CV477 SNLJ, 2014 WL 6686642, at *4 (E.D. Mo. Nov. 26, 2014). In *Koenig*, this Court found that the rates were reasonable based on the attorneys' experience and expertise, and that the rates were consistent with hourly rates awarded in similar cases. *Id.* Additionally, this Court found that the rates requested for the paralegals at that law firm to be reasonable. *Id.* Accordingly, this Court finds the rates for the attorneys and paralegals to be reasonable in this FLSA case.

On the question of the reasonableness of the hours expended, this Court has reviewed the detailed billing information submitted by plaintiffs and finds that it is reasonable. Based on the foregoing, an award of attorneys' fees is merited in the amount of $59,649.40.

**B.     Costs**

Plaintiffs seek costs in the amount of $1,973.65 for the filing fee, process server fees, copying costs, postage expenses, and computer based legal research expenses. In FLSA cases, costs are not limited to the categories set forth in § 1920 for prevailing parties. Any costs not allowed as taxable costs under § 1920 may be allowed as part of attorney's fees, or nontaxable costs, where there is other statutory authorization. *See Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024, 1036 (8th Cir. 2008) (holding that reasonable attorney fee includes reasonable out-of-pocket expenses incurred by an attorney, which are normally charged to a fee-paying client including expenses that are

not enumerated under § 1920). However, the Eighth Circuit has held that computer-aided research is a component of attorneys' fees and cannot be taxed as an item of taxable or nontaxable costs in addition to the attorneys' fee award. *Standley v. Chilhowee R-IV School Dist.*, 5 F.3d 319, 325 (8th Cir. 1993) (citing *Leftwich v. Harris-Stowe State College*, 702 F.2d 686, 695 (8th Cir. 1983). "[T]he law of this Circuit is that computer-based legal research must be factored into the attorneys' hourly rate, hence the costs of the computer time may not be added to the fee award." *Id.*

The Court finds that plaintiffs may recover the process server fees, copying costs, and postage expenses under § 216(b) but not the computer based legal research expenses.[1] The claimed expenses will be reduced by $695.55, which is the total amount included for Westlaw and Pacer charges. After deducting the computer based legal research expenses, this Court will award plaintiffs costs in the amount of $1,278.10.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for attorneys' fees and costs (ECF #33) is **GRANTED** in part and **DENIED** in part as set forth above.

**IT IS FURTHER ORDERED** that plaintiffs are awarded attorneys' fees in the amount of $59,649.40 and costs in the amount of $1,278.10 for a total of $60,927.50.

A separate Judgment will accompany this Memorandum and Order.

---

[1] Plaintiffs' counsel should take note that this is the second time this Court has addressed the issue of computer based legal research expenses as costs submitted by plaintiffs' counsel in an FLSA case. *Koenig*, 2014 WL 6686642, at *5-6.

Dated this 19th day of February, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE